1  Matthew J. Matern (CA SBN 159798)
   mmatern@maternlawgroup.com
2  Joshua D. Boxer (CA SBN 226712)
   jboxer@maternlawgroup.com
3  **MATERN LAW GROUP, PC**
   1230 Rosecrans Avenue, Suite 200
4  Manhattan Beach, California 90266
   Telephone:  (310) 531-1900
5  Facsimile:   (310) 531-1901

6  Attorneys for Plaintiff ERIK BROWN
   individually and on behalf of others
7  similarly situated and aggrieved

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10  ERIK BROWN individually and on behalf ) CASE NO.
    of others similarly situated and aggrieved )
11                                            ) **CLASS ACTION COMPLAINT**
                Plaintiff                     )
12                                            ) 1.  Failure to Provide Required Meal
        v.                                    )     Periods
13                                            ) 2.  Failure to Provide Required Rest
    CEDARS-SINAI MEDICAL CENTER a             )     Periods
14  California corporation; and DOES 1        ) 3.  Failure to Pay Overtime Wages
    through 50, inclusive,                    ) 4.  Failure to Pay Minimum Wages
15                                            ) 5.  Failure to Pay Split Shift Wages
                Defendants                    ) 6.  Failure to Timely Pay Wages
16                                            ) 7.  Failure to Pay All Wages Due to
                                              )     Discharged and Quitting Employees
17                                            ) 8.  Failure to Furnish Accurate Itemized
                                              )     Wage Statements
18                                            ) 9.  Failure to Maintain Required Records
                                              ) 10. Failure to Indemnify Employees for
19                                            )     Necessary Expenditures Incurred in
                                              )     Discharge of Duties
20                                            ) 11. Unfair and Unlawful Business
                                              )     Practices
21                                            )
                                              ) **COLLECTIVE ACTION COMPLAINT**
22                                            ) **FOR:**
                                              )
23                                            ) 12. Failure to Pay All Wages and
                                              )     Overtime Compensation in Violation of
24                                            )     the Fair Labor Standards Act
                                              )
25  _____ ) **DEMAND FOR JURY TRIAL**

26

27

28

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

CLASS AND COLLECTIVE ACTION FOR DAMAGES AND PENALTIES

## NATURE OF ACTION

1.    Plaintiff ERIK BROWN, an individual ("PLAINTIFF"), brings this class action and representative action case on behalf of himself and all other similarly situated and aggrieved current and former non-exempt employees, who worked in the State of California for defendant CEDARS-SINAI MEDICAL CENTER, a California corporation; and DOES 1 through 50 inclusive, (collectively, "DEFENDANTS") during the relevant statutory periods ("CLASS MEMBERS") to remedy DEFENDANTS' illegal wage payment policies and practices, for which PLAINTIFF seeks damages, restitution, penalties, injunctive relief, interest, attorneys' fees and costs, and all other legal and equitable remedies deemed just and proper under California law.

## JURISDICTION AND VENUE

2.    Pursuant to 28 U.S.C. § 1332(d)(2)(A) (the Class Action Fairness Act), this Court has original jurisdiction over this matter because it is a proposed class action case in which PLAINTIFF, CLASS MEMBERS and DEFENDANTS are citizens of different States and the matter in controversy exceeds the sum value of $5,000,000.00, exclusive of interest and costs.

3.    Further, pursuant to 29 U.S.C. § 216(b), an action such as this one "may be brought in in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

4.    This Court's exercise of personal jurisdiction over DEFENDANTS is proper because DEFENDANTS have, at all relevant times, engaged in the illegal acts and omissions, which are the subject of this matter, to establish sufficient minimum contacts with the State of California.

5.    Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claims in this matter including occurred in this judicial district.

\ \ \

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

CLASS AND COLLECTIVE ACTION FOR DAMAGES AND PENALTIES

## PLAINTIFF AND CLASS MEMBERS

6.     PLAINTIFF is a resident of the State of California and a former employee of DEFENDANTS. DEFENDANTS employed PLAINTIFF in a non-exempt position in DEFENDANTS' "Cedars-Sinai Medical Center" located in Los Angeles, California and until around June, 2017. PLAINTIFF reserves the right to name additional class representatives.

7.     CLASS MEMBERS are similarly situated and aggrieved current and former non-exempt employees of DEFENDANTS who worked for DEFENDANTS in the State of California at any time during the four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD").

## DEFENDANTS AND DOES 1-50

8.     PLAINTIFF is informed, believes and thereon alleges that defendant CEDARS SINAI MEDICAL CENTER, INC. ("CEDARS-SINAI") is, and at all times relevant hereto was, a California corporation organized and existing under the laws of the State of California.  PLAINTIFF is further informed and believes, and thereon alleges, that CEDARS-SINAI is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, CEDARS-SINAI maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Los Angeles, State of California.

9.     PLAINTIFF is informed, believes and thereon alleges that Defendant CEDARS-SINAI MEDICAL CENTER ("CEDARS-SINAI") is, and at all times relevant hereto was, a California corporation organized and existing under the laws of the State of California.  PLAINTIFF is further informed and believes, and thereon alleges, that CEDARS-SINAI is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, CEDARS-SINAI maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Los Angeles, State of California.

MATERN LAW GROUP, PC
1230 Rosecrans
Avenue, Ste. 200
Manhattan Beach,
California 90266

10.    PLAINTIFF does not know true names and capacities of DOES 1 through 50, inclusive, at this time and, therefore, sues such DOES as defendants under fictitious names. PLAINTIFF is informed, believes and thereon alleges that each defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein and that their acts and omissions proximately caused PLAINTIFF'S and CLASS MEMBERS' injuries. PLAINTIFF shall seek leave of this Court to amend this Complaint to allege the true names and capacities of such DOES when ascertained.

11.    PLAINTIFF is informed, believes and thereon alleges that DEFENDANTS and DOES 1 through 50, inclusive, at all relevant times, were the joint employers, alter egos, divisions, affiliates, integrated enterprises, subsidiaries, parents, principals, sisters, related entities, co-conspirators, agents, partners, joint venturers, servants, joint enterprisers, and/or guarantors, actual or ostensible, of each other and that DEFENDANTS and DOES 1 through 50, inclusive, performed the acts and omissions that proximately caused PLAINTIFF'S and CLASS MEMBERS' injuries in concert with each other.

12.    At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to provide meal periods (or to pay compensation for a lack thereof); failing to provide rest periods (or to pay compensation for a lack thereof); failing to pay minimum wages; failing to pay overtime wages; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; and failing to pay all wages due to discharged and quitting employees, all in violation of the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Orders.

13.    PLAINTIFF is informed and believes, and thereon alleges, that each and

3

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

1 | every one of the acts and omissions alleged herein were performed by, and/or attributable
2 | to, all DEFENDANTS, each acting as agents and/or employees, and/or under the
3 | direction and control of, each of the other DEFENDANTS, and that said acts and failures
4 | to act were within the course and scope of said agency, employment and/or direction and
5 | control.

6 |      14.    As a direct and proximate result of the unlawful actions of DEFENDANTS,
7 | PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of
8 | earnings in amounts as yet unascertained, but subject to proof at trial, and within the
9 | jurisdiction of this Court.

10 | **CLASS ALLEGATIONS**

11 |      15.    At all relevant times, DEFENDANTS acted pursuant to, and in furtherance
12 | of, their uniform business policies and practices of failing to pay PLAINTIFF and
13 | CLASS MEMBERS all wages earned and due to them by and through methods and
14 | schemes which include, but are not limited to, failing to timely provide compliant meal
15 | periods (or to pay compensation for a lack thereof); failing to timely provide compliant
16 | rest periods (or to pay compensation for a lack thereof); failing to pay all minimum
17 | wages due; failing to pay all overtime wages due; failing to pay split shift wages due;
18 | failing to timely pay all wages due during employment; failing to timely pay all wages
19 | due at time of discharge or quitting; failing to provide accurate itemized statements;
20 | failing to maintain accurate records; and failing to indemnify PLAINTIFF and CLASS
21 | MEMBERS for necessary expenditures and/or losses incurred in discharging their duties.

22 |      16.    DEFENDANTS' acts and omissions are in violation of the California Labor
23 | Code, the applicable Industrial Welfare Commission ("IWC") Wage Order and the
24 | California Business and Professions Code, which prohibits such unfair business practices.

25 |      17.    As a direct and proximate result of DEFENDANTS' unlawful acts and
26 | omissions, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer,
27 | from loss of earnings and other remunerations in amounts as yet unascertained, but
28 | subject to proof at trial, and within the jurisdiction of this Court.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE. 200
MANHATTAN BEACH,
CALIFORNIA 90266

CLASS AND COLLECTIVE ACTION FOR DAMAGES AND PENALTIES

18. Accordingly, PLAINTIFF brings this class and representative action to recover, among other things: wages and penalties from unpaid wages earned and due, including, but not limited to, unpaid meal premium payments, unpaid rest premium payments, unpaid minimum wages, unpaid overtime wages, unpaid split shift wages, amounts due for failure to timely pay all wages due during employment; amounts due for failure to timely pay all wages to due at time of discharge or quitting, amounts due for failure to provide accurate itemized wage statements, amounts due for failure to maintain required records, amounts due for failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, and interest, attorneys' fees, costs, and expenses.

## **PROPRIETY OF CLASS ACTION**

19. This action is appropriately suited for class treatment because:

a. The potential class is a significant number and joinder of all current and former employees individually would be impracticable.

b. This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' illegal practices and policies, which were applied to all non-exempt employees in violation of the California Labor Code, the applicable IWC Wage Order, and the California Business and Professions Code, which prohibits unfair business practices arising from such violations.

c. PLAINTIFF'S claims are typical of CLASS MEMBERS' claims because DEFENDANTS subjected all non-exempt employees to the same violations of the California Labor Code, the applicable IWC Wage Order, and the California Business and Professions Code.

d. PLAINTIFF does not have any interests adverse to the interests of CLASS MEMBERS and will fairly and adequately protect the interests of all CLASS MEMBERS.

\ \ \

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

CLASS AND COLLECTIVE ACTION FOR DAMAGES AND PENALTIES

# FIRST CAUSE OF ACTION

## Failure to Provide Required Meal Periods

### [Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 5-2001, § 12]

### (Against all DEFENDANTS)

20.    PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-19 as if fully set forth herein.

21.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices designed to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take late meal periods, take less than a 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code §§ 226.7, 512 and IWC Wage Order No. 5-2001, § 12.

22.    DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 5-2001, § 12 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable IWC Wage Order, one (1) additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

23.    DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 5-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

24.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

\ \ \

\ \ \

\ \ \

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CALIFORNIA 90266

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 5-2001, § 12]

### (Against all DEFENDANTS)

25.    PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-19 as if fully set forth herein.

26.    At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 5-2001, § 12.

27.    DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 5-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one (1) additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

28.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages

### [Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 5-2001, § 3]

### (Against all DEFENDANTS)

29.    PLAINTIFF incorporates by reference all facts alleged in paragraphs 1-19 as if fully set forth herein.

30.    Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 5-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

1  regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty

2  (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday,

3  with double time for all hours worked in excess of twelve (12) hours in any workday and

4  for all hours worked in excess of eight (8) hours on the seventh consecutive day of work

5  in any workweek.

6      31.    PLAINTIFF and CLASS MEMBERS are current and former non-exempt

7  employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC

8  Wage Order No. 5-2001. During the CLASS PERIOD, DEFENDANTS failed to

9  compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as

10  required under the foregoing provisions of the California Labor Code and IWC Wage

11  Order by, among other things, failing to pay overtime at one and one-half (1 ½) or double

12  the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC

13  Wage Order No. 5-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS

14  MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and

15  CLASS MEMBERS to work through meal and rest breaks; and illegally and inaccurately

16  recording time in which PLAINTIFF and CLASS MEMBERS worked.

17      32.    In violation of California law, DEFENDANTS have knowingly and willfully

18  refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS

19  for all wages earned and all hours worked. As a proximate result, PLAINTIFF and

20  CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to

21  the use and enjoyment of such wages, lost interest on such wages, and have incurred

22  expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their

23  obligations under state law, all to recover their respective damages in amounts according

24  to proof at time of trial, and within the jurisdiction of this Court.

25      33.    DEFENDANTS' conduct described herein violates California Labor Code

26  §§ 510, 1194, 1198 and IWC Wage Order No. 5-2001, § 3. Therefore, pursuant to

27  California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable

28  provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and

MATERN LAW
GROUP, PC
1230 Rosecrans
Avenue, Ste 200
Manhattan Beach,
California 90266

CLASS AND COLLECTIVE ACTION FOR DAMAGES AND PENALTIES

1   CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by

2   DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

3   **FOURTH CAUSE OF ACTION**

4   **Failure to Pay Minimum Wages**

5   **[Cal. Labor Code §§ 1194, 1197; IWC Wage Order No. 5-2001, § 4]**

6   **(Against all DEFENDANTS)**

7   34.   PLAINTIFF refers to and incorporates by reference all facts alleged in

8   paragraphs 1-19 as if fully set forth herein.

9   35.   Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No.

10  5-2001, § 4, payment to an employee of less than the applicable minimum wage for all

11  hours worked in a payroll period is unlawful.

12  36.   During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and

13  CLASS MEMBERS minimum wages for all hours worked by, among other things:

14  requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the

15  clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work

16  through meal and rest breaks; illegally and inaccurately recording time in which

17  PLAINTIFF  and  CLASS  MEMBERS  worked;  failing  to  properly  maintain

18  PLAINTIFF'S and CLASS MEMBERS' records; failing to provide accurate itemized

19  wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other

20  methods to be discovered.

21  37.   DEFENDANTS' conduct described herein violates California Labor Code

22  §§ 1194, 1197, and IWC Wage Order No. 5-2001, § 4. As a proximate result of the

23  aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in

24  an amount according to proof at trial. Therefore, pursuant to California Labor Code §§

25  200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code

26  and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the

27  unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties,

28  attorneys' fees, expenses, and costs of suit.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

### FIFTH CAUSE OF ACTION

**Failure to Pay Split Shift Wages**

**[Cal. Code Regs. § 11040; IWC Wage Order No. 5-2001, § 4]**

**(Against All DEFENDANTS)**

38.    PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-19 as if fully set forth herein.

39.    Pursuant to IWC Wage Order No. 5-2001, § 4 and California Code of Regulations, title 8, § 11040, employers are required pay their non-exempt employees one (1) hour's pay at the minimum wage in addition to the minimum wage for that workday when their employees' work schedules are interrupted by non-paid and non-working periods established by the employer, other than bona fide rest or meal periods.

40.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to pay PLAINTIFF and CLASS MEMBERS all split shift wage premiums due pursuant to IWC Wage Order No. 5-2001, § 4 and California Code of Regulations, title 8, § 11040.

41.    DEFENDANTS' conduct described herein violates IWC Wage Order No. 5-2001, § 4 and California Code of Regulations, title 8, § 11040. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 210, 226, 558, 1194, 1197.1 and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

### SIXTH CAUSE OF ACTION

**Failure to Pay Timely Wages During Employment**

**[Cal. Labor Code § 204]**

**(Against All DEFENDANTS)**

42.    PLAINTIFF refers to and incorporates by reference all facts alleged in

10

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, STE. 200
MANHATTAN BEACH, CALIFORNIA 90266

paragraphs 1-19 as if fully set forth herein.

43.    Pursuant to California Labor Code § 204, for all labor performed between the 1st and 15th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 16th and 26th day of the month during which the labor was performed. California Labor Code § 204 also provides that for all labor performed between the 16th and 30th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 1st and 10th day of the following calendar month. In addition, California Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday of the next regular payroll period.

44.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to pay PLAINTIFF and CLASS MEMBERS all the wages they earned when due as required by California Labor Code § 204.

45.    Pursuant to California Labor Code § 210, failure to pay the wages of each employee as provided in California Labor Code § 204 subjects DEFENDANTS to a civil penalty of: (1) one hundred dollars ($100) for each failure to pay each employee for each initial violation; and (2) two hundred dollars ($200) for each failure to pay each employee, plus twenty-five percent (25%) of the amount unlawfully withheld, for each subsequent violation.

46.    DEFENDANTS' conduct described herein violates California Labor Code § 204. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 210, 226, 558, 1194, 1197.1 and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

\ \ \

\ \ \

MATERN LAW
GROUP, PC
1230 Rosecrans
Avenue, Ste 200
Manhattan Beach,
California 90266

11

CLASS AND COLLECTIVE ACTION FOR DAMAGES AND PENALTIES

## SEVENTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged and Quitting Employees

### [Cal. Labor Code §§ 201, 202, 203]

### (Against all DEFENDANTS)

47.     PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-19 as if fully set forth herein.

48.     Pursuant to California Labor Code §§ 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

49.     Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

50.     California Labor Code § 203 provides that if an employer willfully fails to pay its employees any wages of an employee who is discharged or who quits in accordance with California Labor Code §§ 201 and 202, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

51.     During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

52.     As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

53.     As a proximate result of DEFENDANTS' unlawful actions and omissions,

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

1  PLAINTIFF and CLASS MEMBERS have been deprived of compensation and waiting
2  time penalties in an amount according to proof at the time of trial, but not in excess of the
3  jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest
4  thereon, and attorneys' fees and costs, pursuant to California Labor Code § 1194.

5                          **EIGHTH CAUSE OF ACTION**

6                  **Failure to Furnish Accurate Itemized Wage Statements**

7            **[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 5-2001, § 7]**

8                          **(Against all DEFENDANTS)**

9        54.    PLAINTIFF refers to and incorporates by reference all facts alleged in
10  paragraphs 1-19 as if fully set forth herein.

11       55.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll
12  policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages
13  earned and due, DEFENDANTS knowingly and intentionally failed to maintain records
14  as required under California Labor Code §§ 226, 1174, and IWC Wage Order No. 5-
15  2001, § 7 including, but not limited to, the following records: total daily hours worked by
16  each employee; applicable rates of pay; all deductions; meal periods; time records
17  showing when each employee begins and ends each work period; and accurate itemized
18  statements.

19       56.    As a proximate result of DEFENDANTS' unlawful actions and omissions,
20  PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to
21  proof at trial, and are entitled to all wages earned and due, plus interest thereon.
22  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory
23  penalties, including, but not limited to, civil penalties pursuant to California Labor Code
24  §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys'
25  fees, including, but not limited to, those provided in California Labor Code § 226(e), as
26  well as other available remedies.

27  \ \ \

28  \ \ \

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

CLASS AND COLLECTIVE ACTION FOR DAMAGES AND PENALTIES

## NINTH CAUSE OF ACTION

### Failure to Maintain Required Records

### [Cal. Labor Code §§ 226; IWC Wage Order No. 5-2001, § 7]

### (Against all DEFENDANTS)

57.    PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-19 as if fully set forth herein.

58.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226, 1174, and IWC Wage Order No. 5-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; time records showing when each employee begins and ends each work period; and accurate itemized statements.

59.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including, but not limited to, civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including, but not limited to, those provided in California Labor Code § 226(e), as well as other available remedies.

## TENTH CAUSE OF ACTION

### Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties

### [Cal. Labor Code § 2802]

### (Against all DEFENDANTS)

60.    PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-19 as if fully set forth herein.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE. 200
MANHATTAN BEACH,
CALIFORNIA 90266

61.    California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

62.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including, but not limited to, expenses for scrubs, uniforms, and other employment-related expenses, in violation of California Labor Code § 2802.

63.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## ELEVENTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 *et. seq.*]

### (Against all DEFENDANTS)

64.    PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-19 as if fully set forth herein.

65.    Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein including, but not limited to, DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS'

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, and DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200, et seq.

66.    DEFENDANTS' violations of California wage and hour laws constitute an unfair or unlawful business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

67.    DEFENDANTS have avoided payment of wages, overtime wages, meal period premium payments, rest period premium payments, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

68.    As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

69.    DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including, but not limited to, orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

time of trial, but not in excess of the jurisdiction of this Court.

## COLLECTIVE ACTION

## TWELFTH CAUSE OF ACTION

**Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act**

**[29 U.S.C. § 201 *et seq.*]**

**(Against All DEFENDANTS)**

70.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 20.

71.    The Fair Labor Standards Act (FLSA"), 29 U.S.C. § 201 *et seq.*, provides that an employee must be compensated for all hours worked, including all straight time compensation and overtime compensation.

72.    The FLSA further provides that employees shall not be employed more than 40 hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law.

73.    PLAINTIFF and all similarly situated employees (the "COLLECTIVE CLASS") are victims of a uniform and company-wide compensation policy which, in violation of the FLSA, has been applied to all non-exempt employees who worked for DEFENDANTS in the State of California.

74.    DEFENDANTS have a uniform policy and practice of failing to pay PLAINTIFF and the COLLECTIVE CLASS wages and overtime compensation for all hours worked; requiring, permitting, or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting, or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest periods; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF'S and CLASS MEMBERS' records; and failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period.

75.    DEFENDANTS' unlawful conduct, as described herein, has been willful and

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE. 200
MANHATTAN BEACH,
CALIFORNIA 90266

1 | intentional as prohibited under 29 U.S.C. § 255. DEFENDANTS were aware or should
2 | have been aware that their practices were unlawful.

3 |     76.    DEFENDANTS have acted neither in good faith nor with reasonable
4 | grounds to believe that their actions and omissions were not a violation of the FLSA, and
5 | as a result thereof, PLAINTIFFS and the COLLECTIVE CLASS are entitled to recover
6 | an award of liquidated damages in an amount equal to the amount of unpaid wages and
7 | overtime pay, and/or prejudgment interest at the applicable rate pursuant to 29 U.S.C.
8 | §216(b).

9 |     77.    By virtue of DEFENDANTS' unlawful failure to pay PLAINTIFF and
10 | members of the COLLECTIVE CLASS for all hours worked, including overtime,
11 | PLAINTIFF and the COLLECTIVE CLASS have suffered, and will continue to suffer,
12 | damages in amounts which are presently unknown to PLAINTIFF and members of the
13 | COLLECTIVE CLASS, but which will be ascertained according to proof at trial.
14 | Accordingly, DEFENDANTS are liable for unpaid wages, together with an amount equal
15 | as liquidated damages, attorney's fees and costs of this action.

16 | **PRAYER FOR RELIEF**

17 |     **WHEREFORE**, PLAINTIFF, individually, and on behalf of all other persons
18 | similarly situated and aggrieved, respectfully prays for relief against DEFENDANTS and
19 | DOES 1 through 50, inclusive, and each of them, as follows:

20 |     1.    For compensatory damages in an amount to be ascertained at trial;

21 |     2.    For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as
22 | well as disgorged profits from the unfair and unlawful business practices of
23 | DEFENDANTS;

24 |     3.    For meal and rest period compensation pursuant to California Labor Code §
25 | 226.7 and IWC Wage Order No. 5-2001;

26 |     4.    For liquidated damages pursuant to California Labor Code §§ 1194.2 and
27 | 1197.1;

28 |     5.    For preliminary and permanent injunctive relief enjoining DEFENDANTS

MATERN LAW GROUP, PC
1230 Rosecrans
Avenue, Ste. 200
Manhattan Beach,
California 90266

1 | from violating the relevant provisions of the California Labor Code and the IWC Wage

2 | Orders, and from engaging in the unlawful business practices complained of herein;

3 |      6.    For waiting time penalties pursuant to California Labor Code § 203;

4 |      7.    For statutory and civil penalties according to proof, including, but not

5 | limited to, all penalties authorized by the California Labor Code §§ 226(e) and 2699;

6 |      8.    For interest on the unpaid wages at 10% per annum pursuant to California

7 | Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other

8 | applicable provision providing for pre-judgment interest;

9 |      9.    For reasonable attorneys' fees and costs pursuant to California Labor Code

10 | §§ 1194, 2699, 2802, California Civil Code § 1021.5, and/or any other applicable

11 | provisions providing for attorneys' fees and costs;

12 |      10.    For declaratory relief;

13 |      11.    For an order requiring and certifying the First, Second, Third, Fourth, Fifth,

14 | Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Causes of Action as a class action;

15 |      12.    For an order certifying that the Twelfth Cause of Action may be maintained

16 | as a collective action;

17 |      13.    All unpaid wages and overtime compensation, and an additional and equal

18 | amount as liquidated damages as provided under the law and pursuant to 29 U.S.C. §

19 | 216(b);

20 |      14.    For an order appointing PLAINTIFF as a class representative and

21 | PLAINTIFF'S counsel as class counsel; and

22 |      15.    For such further relief that the Court may deem just and proper.

23 | DATED July 27 , 2017

Respectfully Submitted,
**MATERN LAW GROUP, PC**

By: _____

MATTHEW J. MATERN
JOSHUA D. BOXER

Attorneys for Plaintiff ERIK BROWN
individually and on behalf of others
similarly situated and aggrieved

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CALIFORNIA 90266

19

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial with respect to all issues triable by jury as of right.

DATED July 27, 2017

Respectfully Submitted,
**MATERN LAW GROUP, PC**

By: _____
MATTHEW J. MATERN
JOSHUA D. BOXER

Attorneys for Plaintiff ERIK BROWN individually and on behalf of others similarly situated and aggrieved

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

20

CLASS AND COLLECTIVE ACTION FOR DAMAGES AND PENALTIES